UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY IRVIN, | ) | Case No.: 1:06 CV 1779 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| CITY OF SHAKER HEIGHTS, *et al.,* | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Plaintiff Rodney Irvin ("Plaintiff") brings the above-captioned matter against the City of Shaker Heights, Judy Rawson, Chief of Police of the City of Shaker Heights, Cpl. Mastnardo, Det. Carlozzi, Ptl. Emlaw Officer Pizon, Sgt. Allison, Ptl. McCandless, Cpl Gozelanczyk and Scott Lee (collectively, "Defendants") for compensatory and punitive damages resulting from events surrounding Plaintiff's 2005 arrest. Currently before the court is Plaintiff's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37. (ECF No. 65.) For the following reasons, Plaintiff's Motion is denied.

### I. FACTS AND PROCEDURAL HISTORY

On July 27, 2005, Plaintiff was involved in an altercation with Shaker Heights Police Officers. The facts of that event remain in dispute, but following the altercation, Plaintiff was arrested and later indicted for felonious assault on a police officer, assault on a police dog, and child endangerment. (Compl., ECF No. 1, ¶37.) On February 6, 2006, a jury returned a verdict in favor of Plaintiff on both assault charges. (Compl., ECF No. 1, ¶41.) Upon pleading no contest to the child endangerment charge, Plaintiff was found guilty and credited for time served. (*Id.*)

On July 24, 2006, Plaintiff brought this action against Defendants, seeking compensatory and punitive damages allegedly resulting from the July 2005 incident. (Compl., ECF No. 1, ¶16.) Discovery in this matter is ongoing, following a failed settlement attempt and multiple extensions of the discovery deadline. During the course of discovery, both parties have complained of a failure by the opposing party to produce requested discovery documents.

On March 18, 2009, Plaintiff submitted a public records request to the Cuyahoga County Prosecutor's office requesting all records relating to Plaintiff's 2005 criminal trial. (Pl.'s Mot. for Sanctions, ECF No. 65, 13.) Among the documents produced were an anonymous letter and the transcript of Defendant Mastnardo's testimony from Plaintiff's criminal trial. (*Id.* at 13-14.) The letter was allegedly written by a Shaker Heights Police Officer who claims that the July 2005 incident was captured on tape and that the tape had been confiscated and "hidden away" to protect Defendant Mastnardo. (Mot. for Sanctions, ECF No. 65, Ex. P.) Defendant Mastnardo, in his testimony at Plaintiff's criminal trial, also referenced a video recording taken on the day of the incident, but he does not indicate that the recording captured any of the incident nor does he reference the alleged confiscation or current whereabouts of the tape. (Mot. for Sanctions, ECF No. 65, Ex. Q.)

On March 27, 2009, following a telephonic status conference, this court granted Plaintiff's Motion to Extend Discovery (ECF No. 44), and ordered Defendants to produce records of any race-based complaints filed against the Shaker Heights Police Department for the five years prior to the incident. On May 5, 2009, this court granted in part and denied in part Plaintiff's Motion to Compel Discovery (ECF No. 54), and ordered Defendants to produce all relevant internal investigation documents and to create a log of all requested records that Defendants claim to be privileged. The

court also allowed Plaintiff to re-depose several officers of the Shaker Heights Police Department regarding any new information gained from the newly produced documents. (Order, May 5, 2009.) On July 2, 2009, Plaintiff filed the Motion for Sanctions currently pending before the court. (ECF No. 65.)

## II. LAW AND ANALYSIS

### A. Spoliation

Federal law on spoliation applies in federal court. *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009). Spoliation is defined as "the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *In Re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 144 (2nd Cir. 2008). It is appropriate for a court to impose sanctions when "(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner v. Public Service Co.*, 563 F.3d 1136, 1149 (10th Cir. 2009). The duty to preserve evidence "arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *In Re Terrorist Bombings*, 552 F.3d at 144. If this duty is breached, the burden is on the spoliating party to prove that the opposing party was not prejudiced by the alteration or destruction of evidence. *See Austral-Pacific Fertilizers v. Cooper Indus.*, 1997 U.S. App. LEXIS 5383 (6th Cir. 1997); *Easton Sports, Inc. v. Warrior Lacrosse, Inc.*, 2006 U.S.Dist. LEXIS 70214 (E.D. Mich., Sep. 28, 2006).

A party's level of culpability falls "along a continuum of fault -- ranging from innocence through the degrees of negligence to intentionality." *Welsh v. United States*, 844 F.2d 1239, 1246

(6th Cir. 1988) (overruled on other grounds by *Adkins*, 554 F.3d 650); *Adkins*, 554 F.3d at 652-53. The appropriate sanctions for spoliation vary depending on the level of culpability ascribed to the party who destroyed the evidence. *Id.* Proper sanctions "should serve both fairness and punitive functions." *Id.* at 651. Furthermore, any sanctions imposed should "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *In Re Terrorist Bombings*, 552 F.3d at 147.

### 1. The Videotape

Plaintiff contends that Defendants lost or destroyed a videotape depicting some part of the July 2005 incident. Defendants respond by arguing that the videotape was not spoliated because it was not evidence. (Def.'s Br. in Opp. to Mot. for Sanctions, ECF No. 69, at p. 9.) They concede that the tape captured images of Plaintiff with his child, Officer Mastnardo's police cruiser, and the vehicle of Plaintiff's acquaintance, Mr. Nance, but maintain that the tape cannot be considered evidence because the camera was not pointed in the direction of the scene of the July 2005 incident. (*Id.*) As indicated previously, the videotape was not played during Irvin's criminal trial and was not preserved by the City of Shaker Heights. (ECF No. 69, at p. 8.) Defendants admit that "[t]he criminal trial transcript also revealed that the public works videotape had been described during the criminal trial in addition to a diagram used by many witnesses." (*Id.*, at p. 9.)

Defendants further argue:

> The testimony cited in plaintiff's motion for sanctions establishes only that the videotape showed plaintiff walking with a baby stroller and Nance's vehicle and Sgt. Mastnardo's police cruiser proceeding westbound on Chagrin, but none of that is in dispute. The incident that gave rise to this lawsuit–which occurred on the east side of East 154

- 4 -

> Street north of Kinsman in the City of Cleveland--could not have been recorded by the surveillance camera. Because the videotape (which was last known to be at the criminal trial) did not "capture" anything relating to the confrontation that gave rise to plaintiff's claims, [it] is not "evidence" as defined by federal common law.

(ECF No. 69, at p. 13.)

Defendant Mastnardo has admitted that the videotape captured an individual, who looked like Plaintiff, walking a baby stroller, a silver vehicle, meeting the description of Nance's car, and Mastnardo's cruiser. (Mastnardo's Testimony at Irvin's Criminal Trial, ECF No. 65-17, at p. 231) Mastnardo further testified that he could not tell how much time passed between when the person walking the stroller passed the camera and when the silver car passed by the camera because he only viewed clips of the original videotape. (*Id*., at pp. 232-33.) Plaintiff argues that the unedited videotape may have contained footage of Plaintiff and of Nance's car.

Therefore, there is no evidence on the record that the videotape contained footage of the altercation between Mastnardo and Plaintiff. However, there is evidence that the video contained footage of Plaintiff walking by with a stroller, Nance's car, and Mastnardo's police cruiser. The City of Shaker Heights maintains through William Boag, who is the Director of Public Works for the City of Shaker Heights, that the videotape could not have captured the incident because it only points north and captures the parking lot on the north side of Chagrin Blvd. (Aff. of Boag, ECF No. 59-1; *see also* Photo, ECF No. 59-2 (depicting this area).) Boag avers that the camera is in the same place today as it was on July 27, 2005. (Aff. of Boag, ECF No. 59-1) Thus, according to Defendants, a videotape from that camera would not contain evidence relevant to this case.

In light of Defendants' representation that no tape exists, and that the tape did not capture the incidents in suit, the court will hold a hearing on the issue of whether the videotape is relevant

- 5 -

and, if so, whether its destruction was prejudicial. This hearing will be on March 1, 2011, at 9:30 a.m., in Courtroom 19A. At that hearing, Defendants shall produce witnesses, such as Mr. Boag, or others, to testify regarding the positioning of the camera and the disposing of the videotape, as well as any witnesses who can testify regarding what they observed on the actual videotape before its disposal. If Plaintiff is aware of others whose testimony may be relevant, he may call such persons to testify at the hearing. The court does not contemplate that the hearing will last more than three hours.

### 2. The Anonymous Letter

Plaintiff also argues that he was prejudiced by the spoliation of the anonymous letter. He contends that if he had received the letter during initial disclosure he could have questioned the officers regarding its content and that he would have pursued a different theory of the case. (Pl.'s Mot. for Sanctions, ECF No. 65, 22.)

#### a. Duty to Preserve

Defendants contend that the anonymous letter was not spoliated both because it is inadmissible hearsay and because Plaintiff was not prejudiced because he obtained a copy of the letter through his public records request submitted to the Cuyahoga County Prosecutor. Whether or not the letter is inadmissible hearsay is not relevant at this time. The question instead is whether the letter contains evidence relevant to the litigation. In this case, it does. (Anonymous Letter, ECF No. 65-16.)

#### b. Prejudice

In response to Defendants' contention that the withholding of the anonymous letter from Plaintiff has not resulted in any prejudice because Plaintiff received the document from the County

- 6 -

Prosecutor's file, Plaintiff argues that he was still prejudiced because "it has an effect on the analysis the Court will consider regarding the admissibility of the letter into evidence at trial" because Plaintiff does not have access to the original anonymous letter. (Pl.'s Reply, ECF No. 70, at p. 6.) Plaintiff further argues that he was prejudiced because he was unable to ask the individual Defendants about the letter during their depositions. The depositions of these Defendants occurred on February 26 and 27, 2009 (Deposition of Carlozzi, ECF No. 65-9; Pl.'s Timeline of Discovery Events, ECF No. 65-1.) Plaintiff argues that had Defendants kept the anonymous letter, they would have had to produce it with other materials on January 26, 2009. Instead, Plaintiff received the anonymous letter from the Cuyahoga County Prosecutor's Office as a result of his March 18, 2009 public records request.

Plaintiff is not prejudiced by the fact that he received the letter later than he would have had Defendants produced it because this court already determined that Plaintiff may re-depose Defendant police officers regarding new matters growing out of discovery production that occurred in the spring of 2009. (Order, May 5, 2009.) Furthermore, without deciding whether the contents of the letter would be admissible at trial, Plaintiff's failure to obtain the original does not appear to raise the admissibility concerns that Plaintiff posits. (Pl.'s Mot. for Sanctions, ECF No. 65, at p. 27 ("As to the anonymous letter, the plaintiff is prejudiced through its spoliation because it may render the letter inadmissible at trial."); Pl.'s Reply, ECF No. 70, at p. 6 ("[T]he spoliation of the letter evidence was NOT harmless, as it has an effect on the analysis the Court will consider regarding the admissibility of the letter into evidence at trial.")) Federal Rules of Evidence 1002-1003 may offer other ways to admit the contents of the document when the original is not available. Thus, there is no prejudice to Plaintiff on this ground.

**B. Rule 37 Sanctions**

**1. Rule 37(a) - Motion to Compel**

This court issued a prior Order on May 5, 2009, regarding discovery. In that Order, it determined that Plaintiff could depose Defendant police officers about new matters. It also required Defendant City of Shaker Heights to create a privilege log regarding documents that it maintained were covered by the attorney-client and/or work product privileges, and the court ordered that all relevant internal investigation reports be disclosed to Plaintiff. Plaintiff argues that the court should order Defendants to pay Plaintiff for the work spent on the Motion to Compel (ECF No. 54). Federal Rule of Civil Procedure 37(a)(5)(A) requires the court to order the payment of the reasonable expenses incurred by a party in filing a motion to compel discovery if that motion is granted. Section (C) of that rule further provides that if such a motion is granted only in part, the court may apportion the expenses. Fed. R. Civ. P. 37(a)(5)(C). Defendants, in their response, indicate that Plaintiff did not include the internal investigation reports in his request for documents, and as a result, Federal Rule of Civil Procedure 37(a) does not apply. (Defs.' Br. in Opp. to Mot. for Sanctions, ECF No. 69, at p. 20.) Plaintiff maintains that he did request the internal investigation reports because he requested the personnel file of each Defendant and defined "personnel file" to include "notices of commendation, warning, discipline, or termination." (Pl.'s Mot. for an Order Compelling Discovery, ECF No. 54, at p. 2.)

Plaintiff seeks $3,000 from Defendants for the legal fees incurred in the preparation of his Motion to Compel Discovery. In light of the fact that Plaintiff's definition of "personnel file" is somewhat ambiguous, that is, that one might conclude that it did not include internal investigation reports, the court concludes that fees are not warranted.

**2. Rule 37(b) - Alleged Violation of Court Order**

Plaintiff further contends that sanctions are appropriate under Federal Rule of Civil Procedure 37(b), for violation of a court order. Plaintiff contends that Defendants violated the court's March 27, 2009 Order, by failing to submit all race-based complaints filed against the officers in question. He bases this contention on the revelation of several additional complaints against those officers in the additional discovery documents submitted to Plaintiff following an order of this court in May 2009, granting Plaintiff's Motion to Compel Discovery. However, Plaintiff offers no proof that the additional complaints produced by Defendants were race-based complaints and therefore fails to demonstrate a violation of this court's Order by Defendants. The two complaints pointed to by Plaintiff to demonstrate a failure to comply with the court's March 27, 2009 Order, are clearly outside of the Order's scope. While it is true that the complainants in those cases were each black and that the officer, Sgt. Mastnardo, is white, there is no indication that the complaints allege any sort of racial animus. In fact, according to the Plaintiff's own characterization of the two complaints, neither alleged victim made any accusation of racial motivation. (Pl.'s Mot. for Sanctions, ECF No. 65, at p. 27.) The court finds that the Order in question was not violated, and therefore no sanctions are appropriate.

### 3. Rule 37(C) - Initial Disclosures

Federal Rule of Civil Procedure 37(c)(1)(C) gives the court discretion to impose "appropriate sanctions" for a failure to make a disclosure required by Rule 26(a) or (e). Plaintiff seeks additional sanctions based on Defendants' production of over four thousand additional pages of discovery in response to this court's Order granting Plaintiff's Motion to Compel Discovery (ECF No. 54). It is Plaintiff's belief that all of this information was rightly discoverable at the onset of this litigation and that Defendants' refusal to produce it is an actionable violation of the rules. However, sanctions under Rule 37(c), unlike Rule 37(a), are completely at the discretion of the court. Fed. R. Civ. P.

37(c). Having already granted Plaintiff's Motion to Compel, ordered the production of a privilege log, and allowed time for Plaintiff to redepose the Shaker Heights Police Officers following review of the additional information gained from the compelled discovery, this court does not find additional sanctions to be proper or necessary for the administration of justice.

### C. Summary Judgment

Plaintiff requests that this court deny Defendants' motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(f). This rule permits a court to deny summary judgment where the opposing party demonstrates by affidavit his inability to contest the motion because of outstanding discovery issues. *See e.g. Estes v. King's Daughters MEd. Ctr.*, 56 F. App'x 749, 754 (6th Cir. 2003). Denial of summary judgment is not the exclusive remedy available under Rule 56(f). The rule states that the court may "issue any other just order." Fed. R. Civ. P. 56(f)(3). This court has acknowledged the presence of remaining discovery issues and granted Plaintiff broader discovery, additional depositions, and further extensions to the discovery deadline. (Order, May 5, 2009; Order, June 24, 2010.) The court finds these remedies sufficient to address the outstanding discovery issues in this matter and finds no reason to deny summary judgment on these grounds.

Plaintiff must file his opposition(s) to Defendants' Motions for Summary Judgment within twenty-one (21) days after the conclusion of the extended discovery period.

### D. Further Sanctions

Additionally, Plaintiff alleges that pursuant to 28 U.S.C. § 1927, the court can require Defendants "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" as a result of Defendants' actions. As already stated, the court finds that its past orders are sufficient and that monetary awards are not warranted.

### III. CONCLUSION

The court hereby denies Plaintiff's Motion for Sanctions (ECF No. 65), except in regard to the issue of spoliation of the videotape. The court will hold its ruling in abeyance on this issue pending a hearing on this matter, which will be held on March 1, 2011, at 9:30 a.m.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 16, 2011