UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


RODNEY IRVIN,                          )        Case No.: 1:06 CV 1779
                                       )
          Plaintiff                    )        JUDGE SOLOMON OLIVER, JR.
                                       )
          v.                           )
                                       )
CITY OF SHAKER HEIGHTS, *et al.*,      )
                                       )
          Defendants                   )


JURY INSTRUCTIONS

<u>INDEX</u>

<u>INSTRUCTION NO.</u>                                                                  <u>PAGE</u>

1.     Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.     All Persons Equal Before the Law–Individuals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3.     Burden Of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4.     Burden of Proof Where Some Jurors Have Served on Jury in Criminal Case  . . . . . . . . . . . 4

5.     Expert Witness  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6.     Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7.     Direct and Circumstantial Evidence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

8.     Inferences Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

9.     Oral Statements or Admissions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

10.    Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

11.    Effect of Prior Inconsistent Statements or Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12.    Single Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

13.     Deposition Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

14.    Non-Evidence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

15.    Questions Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

16.    All Available Evidence Need Not Be Produced  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

17.    Multiple Claims and Multiple Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

18.    Dismissed or Withdrawn Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

19.    The Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

20.    Plaintiff's Burden of Proof, Essential Elements
       of § 1983 Claim 1: Fourth Amendment: False Arrest . . . . . . . . . . . . . . . . . . . . . . . 22

21.    Fourth Amendment: False Arrest – Definition of Probable Cause to Arrest . . . . . . . . . . . 23

22.    Plaintiff's Burden of Proof, Essential Elements of
       § 1983 Claim 1: Fourth Amendment: Excessive Force . . . . . . . . . . . . . . . . . . . . . . 24

23.    Fourth Amendment: Excessive Force – Definition of Unreasonable Force . . . . . . . . . . . . 25

24.    Plaintiff's Burden of Proof, Essential Elements of Civil Assault . . . . . . . . . . . . . . . . . . . 27

25.    Plaintiff's Burden of Proof, Essential Elements of Battery . . . . . . . . . . . . . . . . . . . . . . . . 28

26.    Immunity Defense –Assault and Battery Claims    . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

27.    Damages - Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

28.    Damages - Proximate Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

29.    Damages - Compensatory Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

30.    Damages - Compensatory Damages: Definition of Economic Loss . . . . . . . . . . . . . . . . . 34

31.    Damages - Compensatory Damages: Definition of Non-Economic Loss . . . . . . . . . . . . . 35

32.    Apportionment of Liability Between Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

33.    Reasonableness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

34.     Punitive Damages  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

35.     Deliberation - Jurors' Duties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

36.     Effect of Instruction as to Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

37.     Reach Your Own Decision  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

38.     Experiments, Research, and Investigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

39.     Your Communications With Non-Jurors Are Limited During Deliberations . . . . . . . . . . . 43

40.     Jury's Recollection Controls . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

41.     Use of Notes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

42.     Attempt To Reach A Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

43.     Sign Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

44.     Court Has No Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

1.      **Introduction**

**MEMBERS OF THE JURY:**

Now that you have heard the evidence and the arguments of counsel, it becomes my duty to instruct you on the law that applies to this case.

These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of the law you must apply, *i.e.,* what Plaintiff must prove to make his case; and third, some rules for your deliberations.  A copy of these instructions will be available for you in the jury room to consult if you find it necessary.

It is your duty as jurors to follow the law as stated in the instructions of the court, and to apply the rules of law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by the court.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**2.**      **All Persons Equal Before the Law–Individuals**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be treated as equals.

**3.      Burden Of Proof**

This is a civil case.  The Plaintiff has the burden of proving every essential element of their claim, and the Defendants have the burden of proving any affirmative defense.

The term "burden of proof" refers to the test or standard you must apply to the evidence to determine if Plaintiff has proven his claim.  In a civil case such as this, the burden of proof Plaintiff has as to his claim is called the "preponderance of the evidence" standard.

To establish by a "preponderance of the evidence" means to prove something by the greater weight of evidence.  In other words, a preponderance of the evidence means that what is sought to be proven is more likely true than not true.  This rule does not, of course, require proof to an absolute certainty, because proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them and all exhibits received in evidence, regardless of who may have produced them.

**4.      Burden of Proof Where Some Jurors Have Served on Jury in Criminal Case**

Those of you who have sat on criminal cases will have heard of "proof beyond a reasonable doubt."  The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of the evidence, or the clear and convincing standard.  The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

5.      **Expert Witness**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**6.**     **Evidence**

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts and events that may have been admitted or stipulated to.  Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Statements and arguments of counsel are not evidence in the case.

**7.** **Direct and Circumstantial Evidence**

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**8.**     **Inferences Defined**

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience and common sense.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts that have been established by the evidence in the case.

**9.      Oral Statements or Admissions**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care.  The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

**10.**     **Credibility of Witnesses**

In deciding what the facts are, you must consider all the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may disbelieve all or any part of any witness's testimony.  In making that decision, you may take into account a number of factors, including the following:

A.     Was the witness able to see, or hear, or know the things about which that witness testified?

B.     How well was the witness able to recall and describe those things?

C.     What was the witness's manner while testifying?

D.     Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

E.     How reasonable was the witness's testimony considered in light of all the evidence in the case?

F.     Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case.  You may decide, if you find it is appropriate, that the testimony of a smaller number of witnesses on one

-10-

side has greater weight than that of a larger number on the other.  The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being the most accurate, and otherwise trustworthy.

All of these are matters for you to consider in finding the facts.

**11.      Effect of Prior Inconsistent Statements or Conduct**

Evidence that, at some other time while a witness who is not a party to this action has said or done something inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**12.**      **Single Witness**

The testimony of a single witness that produces in your minds a belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

**13.**    **Deposition Testimony**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure in which the attorneys questioned a witness who, for some proper reason, could not be present during trial to testify in person.  Such testimony was given under oath and in the presence of attorneys for the parties.  A court reporter took down everything that was said and then transcribed the testimony.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

14.     **Non-Evidence**

In reaching your verdict, you may consider only the testimony, exhibits, and stipulations received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

A.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

B.     Objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. Any evidence as to which an objection was sustained by the court must be entirely disregarded.

C.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

D.     Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the documents that are in evidence in this case. Such charts and summaries are not in and of themselves evidence or proof of any facts. If such charts and summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

-15-

E.      Anything you may have seen or heard when the court was not in session is not

evidence.  You are to decide the case solely on the evidence received at the trial.

**15.      Questions Not Evidence**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the witness has confirmed the assertion of fact through his or her response to the question.  The lawyer's statements are not evidence; only the witness's response is evidence.

**16.**     **All Available Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**17.**     **Multiple Claims and Multiple Parties**

In this case, Plaintiff brings multiple claims against multiple defendants. You must give separate consideration to each claim and each party in this case. Although there are six defendants, it does not follow that if one is liable, any of the others is also liable.

**18.**     **Dismissed or Withdrawn Defendant**

The City of Shaker Heights is no longer a defendant in this case. You should not consider any claims against the City of Shaker Heights. Do not speculate on the reasons. You should decide this case as to the remaining parties.

**19.**     **The Claims**

It is unlawful under the Fourth Amendment of the U.S. Constitution for a police officer to arrest a person without probable cause and to use more force than necessary on a person when arresting them. In this case, Plaintiff Rodney Irvin claims that Defendant Richard Mastnardo arrested Plaintiff Irvin without probable cause, used excessive force when arresting him, and committed an assault and a battery against him. Plaintiff also claims that Defendants Patrick Carlozzi, David Emlaw, Kenneth Gozelanczyk, James McCandless, and John Pizon used excessive force when arresting him and committed an assault and a battery against him. When the court speaks about Defendants, it will be referring to all Defendants. If the court is referring to fewer than all of the Defendants, then the court will state the Defendant by name.

**20.     Plaintiff's Burden of Proof, Essential Elements of § 1983 Claim 1: Fourth Amendment: False Arrest**

In this case Plaintiff claims that Defendant Mastnardo falsely arrested him. In order to prove the essential elements of Plaintiff's false arrest claim, the burden is on Plaintiff to establish by a preponderance of the evidence the following:

1.     Defendant did not have probable cause to arrest Plaintiff; and

2.     Defendant Mastnardo was acting under the color of state law; and

3.     Defendant Mastnardo's act was the proximate cause of the damages sustained by Plaintiff.

In this case, the parties have agreed that Defendant Mastnardo acted, at all times , under the color of state law, and you should therefore accept that fact as proven. In other words, Plaintiff has established the second element of this claim.

21.   **Fourth Amendment: False Arrest – Definition of Probable Cause to Arrest**

An arrest is a "seizure," and the Fourth Amendment to the U.S. Constitution prohibits unreasonable seizures. Here that means that the Fourth Amendment prohibits police offers from arresting a person unless there is probable cause to do so.

To determine whether probable cause existed, you should consider whether the facts and circumstances available to Defendant Mastnardo would warrant a reasonable officer to believe that Plaintiff had committed or was committing a crime.

It is not necessary that Defendant Mastnardo had probable cause to arrest Plaintiff for the specific offense of Assault on a Peace Officer, so long as Defendant had probable cause to arrest Plaintiff for some criminal offense. The Ohio Revised Code defines assault on a peace officer as "[n]o person shall knowingly cause or attempt to cause physical harm to" a member of an organized police department. Ohio Rev. Code §§ 2903.13, 2903.13(e)(3), 2903.13(D)(1), 2935.01(B).

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendants' belief was probably right. The fact that Plaintiff was later acquitted of Assault on a Police Officer and Assault on a Police Dog does not by itself mean that there was no probable case at the time of his arrest.

22.   **Plaintiff's Burden of Proof, Essential Elements of § 1983 Claim 1: Fourth**

**Amendment: Excessive Force**

In this case, Plaintiff claims that Defendants used excessive force when they arrested Plaintiff. In order to prove his excessive force claim, the burden is on Plaintiff to establish by a preponderance of the evidence the following facts:

1.      Defendants intentionally used force against Plaintiff; and

2.      The force used was unreasonable; and

3.      Defendants were acting under the color of state law; and

4.      Defendants' act was the proximate cause of the damages sustained by Plaintiff.

In this case, the parties have agreed that Defendants acted, at all times, under the color of state law, and you should therefore accept that fact as proven. In other words, Plaintiff has established the third element of this claim.

**23.      Fourth Amendment: Excessive Force – Definition of Unreasonable Force**

The second element of Plaintiff's excessive force claim is that Defendants used unreasonable force while arresting him.

The Fourth Amendment to the U.S. Constitution protects persons from being subjected to excessive force while being arrested by police. In other words, a police officer may only use the amount of force necessary under the circumstances to make an arrest. Every person has the constitutional right not to be subjected to excessive force while being arrested, even if the arrest is otherwise proper.

In determining whether Defendants' acts constituted unreasonable force, you must ask whether the amount of force they used was the amount that a reasonable officer would have used in making the arrest under similar circumstances.

You should consider all the relevant facts and circumstances leading up to the time of the arrest that Defendants reasonably believed to be true at the time of the arrest. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. The circumstances relevant to this assessment can include:

- the type and amount of force Defendants used

- the need for the use of force

- any efforts made by Defendants to temper or limit the amount of force

- the severity of the crime Defendants were  investigating

- the availability of alternative methods to take Plaintiff into custody

- whether Plaintiff posed an immediate threat to the safety of Defendants or others

- the possibility that Plaintiff was armed

- the possibility that others subject to the police action were violent or dangerous

- whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight

- the duration of Defendants' actions

- the number of persons with whom Defendants had to contend

- whether the physical force applied was such of an extent as to lead to unnecessary injury

- other factors that you may find helpful to your determination

The reasonableness of Defendants' acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest. However, not every push or shove by a police officer, even if it may later seem unnecessary, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, Plaintiff must prove that Defendants intended to commit the acts in question. Apart from that requirement, Defendants' actual motivation is irrelevant. If the force they used was unreasonable, it does not matter whether Defendants had good motivations. Also, an improper motive will not establish excessive force if the force used was objectively reasonable. What matters is whether Defendants' acts were objectively reasonable in light of the facts and circumstances confronting Defendants.

**24.**     **Plaintiff's Burden of Proof, Essential Elements of Civil Assault**

Plaintiff also claims that Defendants committed an assault upon him. In making your determination on this claim, you are instructed that the law protects the physical integrity of every person from all unnecessary and unwarranted violation or interference.

Any intentional attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability to do so, and an intentional display of force such as would give the victim reason to fear or expect immediate bodily harm constitutes an assault. An assault occurs when there is an intentional offer or attempt, without authority or consent, to harm or offensively touch another that reasonably places the other in fear of such contact. An assault may be committed without actually touching or striking, or doing bodily harm to the person of another.

Under Ohio law, if a police officer is acting in furtherance of a lawful arrest, the officer is not liable for assault when the force used is necessary to effectuate that arrest. This should be evaluated from the standpoint of a officer acting reasonably under the circumstances.

If, after considering the evidence of the circumstances surrounding the arrest of Plaintiff, you find from a preponderance of the evidence that Plaintiff established that Defendants committed an assault upon him, you will need to consider whether Defendants are immune from liability to Plaintiff for the assault. I will explain the immunity defense to you shortly.

**25.    Plaintiff's Burden of Proof, Essential Elements of Battery**

Plaintiff also claims that Defendants committed a battery upon him. A battery occurs when there is intentional, unconsented contact with another. Any intentional unauthorized use of force upon the person of another constitutes a battery. The touching may include contact with Plaintiff's outer clothing or objects held by him. A battery may occur without physical harm. In order to prove the essential elements of Plaintiff's battery claim, the burden is on Plaintiff to establish by a preponderance of the evidence that Defendants intentionally, without consent, touched Plaintiff.

Under Ohio law, if a police officer is acting in furtherance of a lawful arrest, the officer is not liable for battery when the force used is necessary to effectuate that arrest. This should be evaluated from the standpoint of a officer acting reasonably under the circumstances.

If, after considering the evidence of the circumstances surrounding the arrest of Plaintiff, you find from a preponderance of the evidence that Plaintiff established that Defendants committed a battery upon him, you will need to consider whether Defendants are immune from liability to Plaintiff for the battery. I will explain the immunity defense to you shortly.

**26.     Immunity Defense –Assault and Battery Claims**

Defendants, as police officers employed by the Shaker Heights Police Department, are immune from liability in civil actions for assault and battery when their actions are performed in connection with the duties as a police officer. An exception to individual immunity exists if it can be shown that: (a) the officer's acts or omissions were manifestly outside the scope of his employment or official responsibilities; or (b) the officer's acts or omissions were done with malicious purpose, in bad faith, or in a wanton or reckless manner.

In this case, the parties have agreed that Defendants were acting, at all times, within the course and scope of their official responsibilities as police officers and you should, therefore, accept that fact as proven. In other words, you must find in favor of each Defendant on the assault and battery claims unless you find that Plaintiff has proved, by a preponderance of the evidence, that Defendants' actions were done with malicious purpose, in bad faith, or in a wanton or reckless manner.

In the context of the immunity applicable in this case: "malicious purpose" means the willful and intentional design to do injury. "Bad faith" means a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. "Wanton misconduct" is the failure to exercise any care whatsoever and establishes a disposition to perversity on the part of the police officer. Such perversity must be under such conditions that the actor must be conscious that his conduct will in all probability result in injury. "Reckless conduct" refers to an act done with knowledge or reasons of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk of physical harm and that this risk is greater than that necessary to make the conduct merely negligent.

If you find that Defendants committed an assault or a battery to Plaintiff, and you find that

-29-

Defendants' actions were done with malicious purpose, in bad faith, or in a wanton or reckless manner, you must find for Plaintiff on the assault and/or battery claims.

If, however, you find that Defendants' actions were not done with malicious purpose, in bad faith, or in a wanton or reckless manner, you must find for Defendants on Plaintiff's assault and/or battery claims.

**27.**     **Damages - Generally**

I will now instruct you as to the proper measure of damages in this case. These instructions should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance, and should only be considered if, and only if, you find that Plaintiff has proven any of his claims against any Defendant. If you find this, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

Plaintiff has the same burden of proving damages as he had with regard to proving that a legal wrong was done to him in the first place.  You may not guess or speculate on damages.

28.     **Damages - Proximate Cause**

The burden is on Plaintiff to establish by a preponderance of the evidence that unlawful actions by Defendants were a proximate cause of any injuries and damages sustained by him. By "proximate cause," I mean that there is a direct connection between the Defendants' conduct and the damages that Plaintiff claims, such that Defendants' conduct played a substantial part in bringing about or actually causing Plaintiff's injury, and that the injury was a direct result or a reasonable consequence of Defendants' action.

**29.**     **Damages - Compensatory Damages**

Plaintiff alleges that by his claimed injuries proximately resulting from the arrest, Defendants' use of excessive force, the assault, and the battery, he has sustained damages.  These allegations are not evidence, of course, but merely the extent of Plaintiff's claims and must not be considered by you as evidence in this case.

If you find that the Defendants wrongfully caused Plaintiff's injuries, then you must determine an amount of money that will fairly compensate Plaintiff for any injury that you find he sustained.  You may award compensatory damages only for injuries that the Plaintiff proves to you were caused by Defendants' allegedly wrongful conduct.  The damages that you award must be fair compensation, no more and no less.

Moreover, in deciding this amount, you will consider Plaintiff's "economic loss" and "non-economic loss," if any, proximately and directly caused by Plaintiff's actual injury. You may award damages for any pain, suffering, or mental anguish that the Plaintiff experienced as a consequence of the Defendants' unlawful conduct against the Plaintiff. No evidence of monetary value of such intangible things as pain and suffering need be introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damages.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**30.      Damages - Compensatory Damages: Definition of Economic Loss**

"Economic loss" means any of the following types of financial harm:

> (A)      all wages, salaries, or other compensation lost as a result of Plaintiff's injury;
>
> (B)      all expenditures for medical care or treatment, rehabilitation services, or other care, treatment, services, products, or accommodations incurred as a result of Plaintiff's injury;
>
> (C)      all expenditures of a person whose property was injured or destroyed, or of another person on behalf of the person whose property was injured or destroyed, in order to repair or replace the property; and
>
> (D)      any other expenditures incurred as a result of Plaintiff's injury, other than attorney's fees incurred by Plaintiff.

**31.     Damages - Compensatory Damages: Definition of Non-Economic Loss**

"Non-economic loss" means harm other than economic loss that results from Plaintiff's injury, including, but not limited to, pain and suffering; loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education; mental anguish; and any other intangible loss.

In determining an award for non-economic loss, you shall not consider any of the following:

    (A)     evidence of Defendants' alleged wrongdoing, misconduct, or
            guilt; and

    (B)     evidence of Defendants' wealth or financial resources; and

    (C)     all other evidence that is offered for the purpose of punishing
            Defendants, rather than offered for a compensatory purpose.

**32.**     **Apportionment of Liability Between Defendants**

If you find that Plaintiff proved each part of his claim by a preponderance of the evidence against Defendants, then your verdict must be for the Plaintiff against the Defendants whose conduct caused Plaintiff's damages. You must decide the amount of damages caused by the conduct of each Defendant. In doing so, you must decide the amount of damages caused by the conduct of each of the Defendants, but the damages of all Defendants when added together must not exceed the total amount of damages awarded to the Plaintiff.

**33.     Reasonableness**

Damages must be reasonable. If you should find that Plaintiff is entitled to a verdict, you may award Plaintiff only such damages as will reasonably compensate Plaintiff for such injury from which Plaintiff has sustained as a proximate result of the incident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

**34.    Punitive Damages**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future. Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants.

You may assess punitive damages only if you find that Defendants' conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct

- the impact of Defendants' conduct on Plaintiff

- the relationship between Plaintiff and Defendants

- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

-38-

**35.**     **Deliberation - Jurors' Duties**

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

**36.    Effect of Instruction as to Damages**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**37.     Reach Your Own Decision**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. Again, the arguments and statements of the attorneys are not evidence.  If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember. The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial. Do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

**38.      Experiments, Research, and Investigation**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating. For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary or anything else, with you to help you with your deliberations; do not conduct any independent research, reading, or investigation about the case.

Make your decision based only on the evidence that you saw and heard here in court.

**39.     Your Communications With Non-Jurors Are Limited During Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your foreperson or by one or more members of the jury.  The Courtroom Deputy will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages should normally be sent to me through your foreperson.  No member of the jury should ever attempt to communicate with me except by a signed writing; and, I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  Remember that you are not to tell anyone–including me–how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

One more thing about messages.  Do not ever write down or tell anyone how you stand as a group on your votes.  For example, do not write down or tell anyone that you are split 5-3, or whatever your vote happens to be.  That should stay secret until you are finished.

**40.**     **Jury's Recollection Controls**

If any reference by the court or by counsel to matters of evidence does not coincide with your

own recollection, it is your recollection which should control during your deliberations.

**41.**     **Use of Notes**

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

42.     **Attempt To Reach A Verdict**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of your fellow jurors. Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try.  There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important, therefore, that you reach a verdict if you can do so conscientiously.  Therefore, if it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the other jurors may want to ask themselves about the basis for their feelings when a substantial number have reached a different conclusion.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a unanimous verdict.

43.     **Sign Verdict**

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and each of you will sign the form that sets forth the verdict upon which you agree. After you have reached unanimous agreement on a verdict, your foreperson will advise the Courtroom Deputy that you are ready to return to the courtroom.

**44.    Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide for yourself if the Plaintiff has proven his claims by a preponderance of the evidence.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RODNEY IRVIN,                              )        Case No.: 1:06 CV 1779
                                           )
       Plaintiff                           )        JUDGE SOLOMON OLIVER, JR.
                                           )
       v.                                  )
                                           )
CITY OF SHAKER HEIGHTS, *et al.*,          )
                                           )
       Defendants                          )

VERDICT FORM

# GENERAL VERDICT FORM

I. **FALSE ARREST CLAIM**
   A. **Liability**
      We, the jury, on Plaintiff's false arrest claim under 42 U.S.C. § 1983, find the following as to the Defendant indicated below:

   **Richard Mastnardo** (check one)  _____ Liable  _____ Not Liable

   *IF YOU FIND DEFENDANT MASTNARDO "NOT LIABLE" ON THE CLAIM, STOP HERE AND CONTINUE TO SECTION II. IF YOU FIND DEFENDANT MASTNARDO "LIABLE," CONTINUE TO SUBSECTIONS B AND C OF THIS SECTION.*

.

   B. **Compensatory Damages**

      If you find Defendant Mastnardo liable for false arrest, enter an amount that will fairly and reasonably compensate Plaintiff for his pain, suffering, physical and emotional distress, economic loss, embarrassment, and humiliation damage in this case.

      Amount of Damages                     $ _____
                  *Please state your answer in dollars and cents.*

   C. **Punitive Damages**

      If you find Defendant Mastnardo liable for false arrest, but you determine that punitive damages are not appropriate, enter "0" on the line below. If you find Defendant Mastnardo liable, and you determine that punitive damages are appropriate, enter an amount that will fairly and reasonably punish Defendant Mastnardo for his wrongful conduct and deter others from engaging in similar wrongful conduct.

      Amount of Damages                     $ _____
                  *Please state your answer in dollars and cents.*

   *CONTINUE TO SECTION II.*

II. **EXCESSIVE FORCE CLAIM**
   A. **Liability**
      We, the jury, in regard to Plaintiff's excessive force claim under 42 U.S.C.§ 1983, find the following as to each Defendant:

   **Patrick Carlozzi**      (check one)  _____ Liable  _____ Not Liable
   **David Emlaw**         (check one)  _____ Liable  _____ Not Liable
   **Kenneth Gozelanczyk** (check one)  _____ Liable  _____ Not Liable
   **Richard Mastnardo**   (check one)  _____ Liable  _____ Not Liable
   **James McCandless**    (check one)  _____ Liable  _____ Not Liable
   **John Pizon**          (check one)  _____ Liable  _____ Not Liable

*IF YOU FIND ALL DEFENDANTS "NOT LIABLE" ON THE CLAIM, STOP HERE AND CONTINUE TO SECTION III. IF YOU FIND ANY DEFENDANT "LIABLE," CONTINUE TO SUBSECTIONS B AND C OF THIS SECTION.*

**B.**   **Compensatory Damages**

If you find any Defendant liable for excessive force, enter an amount that will fairly and reasonably compensate Plaintiff for his pain, suffering, physical and emotional distress, economic loss, embarrassment, and humiliation damages in this case.

Total Amount of Compensatory Damages     $ _____
          *Please state your answer in dollars and cents.*

Please indicate the amount of damages caused by the conduct of each Defendant. The amount should not exceed the total amount of compensatory damages.

**1. Patrick Carlozzi**        $_____
**2. David Emlaw**         $_____
**3. Kenneth Gozelanczyk**      $_____
**4. Richard Mastnardo**       $_____
**5. James McCandless**       $_____
**6. John Pizon**          $_____

**C.**   **Punitive Damages**

If you find any Defendant liable for excessive force, but you determine that punitive damages are not appropriate, enter "0" on the line below. If you find any Defendant liable, and you determine that punitive damages are appropriate, enter an amount that will fairly and reasonably punish each culpable Defendant for his wrongful conduct and deter others from engaging in similar wrongful conduct.

Please indicate the amount of punitive damages that should be assessed against each Defendant. Please state your answer in dollars and cents.

**1. Patrick Carlozzi**        $_____
**2. David Emlaw**         $_____
**3. Kenneth Gozelanczyk**      $_____
**4. Richard Mastnardo**       $_____
**5. James McCandless**       $_____
**6. John Pizon**          $_____

*CONTINUE TO SECTION III.*

### III.  ASSAULT CLAIM

**A.  Liability**

We, the jury, in regard to Plaintiff's assault claim, find the following as to each Defendant:

| | | | |
|---|---|---|---|
| **Patrick Carlozzi** | (check one) | _____ Liable | _____ Not Liable |
| **David Emlaw** | (check one) | _____ Liable | _____ Not Liable |
| **Kenneth Gozelanczyk** | (check one) | _____ Liable | _____ Not Liable |
| **Richard Mastnardo** | (check one) | _____ Liable | _____ Not Liable |
| **James McCandless** | (check one) | _____ Liable | _____ Not Liable |
| **John Pizon** | (check one) | _____ Liable | _____ Not Liable |

*IF YOU FIND ALL DEFENDANTS "NOT LIABLE" ON THE CLAIM, STOP HERE AND CONTINUE TO SECTION IV. IF YOU FIND ANY DEFENDANT "LIABLE," CONTINUE TO SUBSECTIONS B AND C OF THIS SECTION.*

**B.  Compensatory Damages**

If you find any Defendant liable for assault, enter an amount that will fairly and reasonably compensate Plaintiff for his pain, suffering, physical and emotional distress, economic loss, embarrassment, and humiliation damages in this case.

Total Amount of Compensatory Damages     $ _____

*Please state your answer in dollars and cents.*

Please indicate the amount of damages caused by the conduct of each Defendant below. The amount should not exceed the total amount of compensatory damages.

**1. Patrick Carlozzi**          $_____
**2. David Emlaw**               $_____
**3. Kenneth Gozelanczyk**       $_____
**4. Richard Mastnardo**         $_____
**5. James McCandless**          $_____
**6. John Pizon**                $_____

**C.  Punitive Damages**

If you find any Defendant liable for assault, but you determine that punitive damages are not appropriate, enter "0" on the line below. If you find any Defendant liable, and you determine that punitive damages are appropriate, enter an amount that will fairly and reasonably punish each culpable Defendant for his wrongful conduct and deter others from engaging in similar wrongful conduct.

Please indicate the amount of punitive damages that should be assessed against each Defendant below. Please state your answer in dollars and cents.

**1. Patrick Carlozzi**        $_____

**2. David Emlaw**           $_____

**3. Kenneth Gozelanczyk**   $_____

**4. Richard Mastnardo**     $_____

**5. James McCandless**      $_____

**6. John Pizon**            $_____

*CONTINUE TO SECTION IV.*

**IV.    BATTERY CLAIM**

    **A.    Liability**

We, the jury, in regard to Plaintiff's battery claim, find the following as to each Defendant:

| | | | |
|---|---|---|---|
| **Patrick Carlozzi** | (check one) | _____ Liable | _____ Not Liable |
| **David Emlaw** | (check one) | _____ Liable | _____ Not Liable |
| **Kenneth Gozelanczyk** | (check one) | _____ Liable | _____ Not Liable |
| **Richard Mastnardo** | (check one) | _____ Liable | _____ Not Liable |
| **James McCandless** | (check one) | _____ Liable | _____ Not Liable |
| **John Pizon** | (check one) | _____ Liable | _____ Not Liable |

*IF YOU FIND ALL DEFENDANTS "NOT LIABLE" ON THE CLAIM, STOP HERE AND CONTINUE TO SIGN THIS FORM BELOW. IF YOU FIND ANY DEFENDANT "LIABLE," CONTINUE TO SUBSECTIONS B AND C OF THIS SECTION.*

    **B.    Compensatory Damages**

If you find any Defendant liable for battery, enter an amount that will fairly and reasonably compensate Plaintiff for his pain, suffering, physical and emotional distress, economic loss, embarrassment, and humiliation damages in this case.

Total Amount of Compensatory Damages    $ _____
          *Please state your answer in dollars and cents.*

Please indicate the amount of damages caused by the conduct of each Defendant below. The amount should not exceed the total amount of compensatory damages.

**1. Patrick Carlozzi**        $_____

**2. David Emlaw**           $_____

**3. Kenneth Gozelanczyk**   $_____

**4. Richard Mastnardo**     $_____

**5. James McCandless**      $_____

**6. John Pizon**            $_____

-4-

**C.     Punitive Damages**

If you find any Defendant liable for battery, but you determine that punitive damages are not appropriate, enter "0" on the line below. If you find any Defendant liable, and you determine that punitive damages are appropriate, enter an amount that will fairly and reasonably punish each culpable Defendant for his wrongful conduct and deter others from engaging in similar wrongful conduct.

Please indicate the amount of punitive damages that should be assessed against each Defendant below. Please state your answer in dollars and cents.

**1. Patrick Carlozzi**          $_____
**2. David Emlaw**              $_____
**3. Kenneth Gozelanczyk**   $_____
**4. Richard Mastnardo**      $_____
**5. James McCandless**       $_____
**6. John Pizon**               $_____

Each of us Jurors, concurring in said verdict signs her/his name hereto on this \_\_\_\_ day of May, in the year 2012

1. _____      2. _____

   FOREPERSON

3. _____      4. _____

5. _____      6. _____

7. _____      8. _____